## BAILEY & al. versus McINTIRE & al.

In a suit brought before a justice of the peace upon a poor debtor's relief bond, the plaintiff cannot recover, if it appear that subsequent to the breach, he received and indorsed upon the execution all the means of payment which the debtor had when the bond expired.

ON FACTS AGREED.

DEBT, brought before a justice of the peace upon a poor debtor's six months relief bond. The statute of 1848, c. 85, § 4, provides that in such suits the "amount which the plain-

Wood *v.* Little.

tiff may recover shall be the real and actual damage which has been sustained by the breach of the conditions of the bond and no more."

The debtor disclosed, but not until a few days after the six months expired. He disclosed, that he had four dollars in money. This was received after the disclosure by the plaintiffs' attorney and indorsed on the execution. At the expiration of the bond, "the debtor had no attachable property or means to pay the debt other than the said four dollars." The case was submitted to the Court.

*Drummond,* for the plaintiffs.

*Heath,* for the defendants.

HATHAWAY, J. — The case finds, that at the time the bond expired, the principal defendant had no attachable property or means to pay the debt other than disclosed, and that the property disclosed was received by the plaintiffs' attorney and indorsed on the execution. The action was brought before a justice of the peace. The plaintiffs have sustained no damage by breach of the conditions of the bond and can recover none.

The case comes within the express provisions of the Act of 1848, entitled "An Act additional for the relief of poor debtors." Chapter 85, § 4. *Plaintiff nonsuit.*

SHEPLEY, C. J., and WELLS and RICE, J. J., concurred.